Scott, C.J.
Neither the original nor amended petition <of the plaintiffs below, contained any allegations respecting the plaintiffs in error, nor did they assume to make them parties to the action.
They were made parties defendant, at the sole instance of the defendants, Horatio and Mark Buckingham, upon the suggestion in the amended answer of Horatio Buckingham, that they, together with sundry others, who were also made defendants, claimed “ to have some interest in the subject matter of the suit,” and he therefore prayed “ that they be made parties defendants to said action.” The plaintiffs in error were accordingly summoned to answer to the petition of Harshman & Winters, the plaintiffs below — with the usual notification, that, upon their default, said petition would be taken for true, and judgment rendered accordingly. A position adverse to the claim of the plaintiffs below, was thus assigned to the plaintiffs in error, and an opportunity was afforded them, if they so desired, of controverting any or all of the allegations of the petition of Harshman & Winters, or of setting up any rights of theirs, in opposition to the relief sought by the original or amended petition — and their default clearly authorized the court below, to regard them as admitting all the averments of the petition to be true, and as interposing no objection to the relief sought. So far as they were concerned, it was, therefore, competent for the court fully to adjudicate upon the rights of the plaintiffs below, according to the allegations of the petition.
But neither the original nor amended answers, of any of the defendants, were, either in form or substance, cross-peti* *405 tions. They tendered no issue to any of their co-defendants, and asked for no relief as against any of them. The action of the court was not invoked for the purpose of determining any controversy between any portion of the defendants, touching the subject matter of the suit. The answer of Horatio Buckingham by which the new parties were brought into court, as claiming “ to have some interest in the subject matter of the suit,” contained no averment that such claim was unfounded or unjust, nor did it even intimate that the interest -claimed was adverse to, or inconsistent with the claims of the Buckinghams. It sought no quieting of title, as against the claims of the new parties. It asked no relief as against them, and tendered no issue, which, if found in favor of the Buckinghams, would enable the court to determine the rights of the defendants as against each other.
The court below, in their decree, found the plaintiffs in error to be in default, only in having “ failed to answer the original and amended petition ” of the plaintiffs, Harshman & Winters. This default might properly have been regarded as an admission of the truth of the matters charged in the unanswered pleadings. But it seems to have been treated as an admission of the falsity of all the matters unanswered, for the court “finds that the conveyances of the real estate‘in the petition mentioned * * * are not fraudulent nor void as to these plaintiffs, nor as to the defendants herein.”
As the pleadings stood, we think it clear, that the court, in assuming to determine the rights of the defendants, as against each other, was exercising a jurisdiction which had not been invoked, and its adjudication was, so far, coram non judiee.
And we can not agree with counsel, that this was a mere irregularity, for which redress should have been sought in the court below, under the 534th section of the code. It was the final judgment of the court, between parties who had no controversy with each other pending before the court, in regard to the subject matter. No error could be more grave or substantial.
But it is said, this judgment can not be reversed, because it was not excepted to when rendered.
*406 The object of an exception is, generally, to bring upon the record, for review, a decision of the'court upon a matter of law, which the record would not otherwise show. In such •cases the exception must be reduced to writing and allowed and signed by the court. But “where the decision objected to is entered on the record, and the. grounds of objection appear in the entry, the exception may be taken by the party -causing to be.noted, at the end of the decision, that he excepts.” Code, sec. 293. It is provided, by section 291 of the code, that “the party objecting to the decision must except at the time the decision is made.” These provisions ■of the code are all found in title 9, which treats of and regulates the trial of causes, and they manifestly relate to decisions which are made by the court, upon questions of law which arise during the progress of the trial. Where objection is made, at the time, to such decisions, all grounds of exception may, perhaps, be obviated, by the action of the other party, or the consideration of the court. But if the parties acquiesce in the decision, by proceeding in the trial without objection, they are regarded as waiving the right to except. But these provisions of the code do not relate to the final judgment of the court, which, at the close of the trial, definitively fixes the rights of the parties in the action. The judgment is not properly a part of the trial, but forms the subject of a distinct title in the code. If the record shows ■ such final judgment to be erroneous, it is the right of the party aggrieved to have it reversed, vacated, or modified, on petition in error, to the proper reviewing court. To note an exception to a final judgment, in the court which renders it, after the controversy is there ended, would seem to be utterly futile. The uniform practice pf this court has hitherto been in accordance with these views.
The judgment which is sought to be reversed, in this case, is not in the form of an order or decree, but in that of & finding by the court, which precedes the' formal decree. No question, however, is made by counsel, that it is not, for this reason, the proper subject of reversal or modification, .and as it is substantially a judgment of the court upon an *407 issue not made in the case; but which the plaintiffs in error may desire hereafter to make in another action, we think they should be relieved from all embarrassment arising from such an unauthorized finding. The judgment of the court of common pleas will therefore be modified, by vacating that part of it which finds and determines the rights of the defendants below, inter se, so as to leave those rights wholly unaffected by the decree.
Sutliee, Peck, and Brinkerhoef, J.J., concurred. GholSON, J., did not sit in this case.